IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00704-GPG

JARED S. FOGLE,

      Applicant,

v.

JUDGE TANYA WALTON-PRATT,
PRESIDENT TRUMP,
R. HUDGINS, Warden FCI Englewood, and
DIRECTOR OF THE BOP, Washington DC,

      Respondents.

_____

ORDER OF DISMISSAL

_____

      Applicant Jared S. Fogle is in the custody of the Federal Bureau of Prisons and

currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado.

Applicant initiated this action by filing, *pro se*, an Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241.   Applicant has paid the $5 filing fee.

      The Court must construe the Application liberally because Applicant is not

represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an

advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For the reasons stated

below, the Court will dismiss the action for lack of statutory jurisdiction.

      Applicant raises one claim in this Application.   He claims that he is unlawfully

incarcerated due to an illegal charge of conspiracy.   ECF No. 1 at 2.   In support of the

claims Applicant asserts that the

1

> sentencing court[ ] has refused to correct and fix the unlawful Plea(s);
> Petitioner was allowed to plead to a conduct(s) that was not provided for
> within the text of § 2252(2) (2); specifically, "conspiracy"; as such, Petitioner
> was denied his Constitutional Rights to due process, and had this charge
> not been unlawfully and illicitly charged; FOGLE would not have plead[sic]
> "GUILTY".

ECF No. 1 at 2.

It is clear to the Court, and Applicant concedes, that he is challenging the validity of

his conviction and sentence in this habeas corpus action.   Therefore, his claims must be

raised in the United States District Court for the Southern District of Indiana (Indianapolis

Division), the sentencing court, in a motion pursuant to § 2255 unless he demonstrates

that the § 2255 remedy is inadequate or ineffective.

> "A federal prisoner may file a § 2241 petition to challenge the legality
> of his conviction under the limited circumstances provided in the so-called
> savings clause of § 2255.   Pursuant to this savings clause, a § 2241
> petition may be appropriate if the remedy by [§ 2255] motion is inadequate
> or ineffective to test the legality of [an applicant's] detention.

*Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (internal quotation marks

omitted) (citing 28 U.S.C. § 2255(e); *Bradshaw*, 86 F.3d at 166).   The narrow reading of

the savings clause is well established in the Tenth Circuit.   *See Prost v. Anderson*, 636

F.3d 578, 588 (10th Cir. 2011).   Rarely is a remedy inadequate or ineffective to challenge

a conviction in a § 2255 motion.   *Brace*, 634 F.3d at 1169 (citing *Sines v. Wilner*, 609

F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily

render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177

F.3d 1177, 1178 (10th Cir. 1999) (The remedy available pursuant to § 2255 is inadequate

or ineffective only in "extremely limited circumstances.").   The test for determining

whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or

ineffective is whether Applicant's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the [Applicant] may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.* Applicant bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See id.*

Applicant has filed at least two motions in the sentencing court that appear to seek dismissal of the criminal case based on lack of Article III standing. *See United States v. Fogle*, No. 15-cr-00159-TWP-MJD, ECF Nos. 136 and 139 (S.D. Ind. Aug. 25, 2017). The sentencing court construed ECF Nos. 136 and 139, which were filed as motions to dismiss, as filed pursuant to 28 U.S.C. § 2255. Applicant, therefore, has a § 2255 motion pending before the sentencing court, and he fails to demonstrate that the remedy available pursuant to § 2255 is inadequate or ineffective.

Because Applicant fails to demonstrate the remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255 is inadequate or ineffective under the *Prost* test, the claims and Application will be dismissed for lack of statutory jurisdiction. *Abernathy v. Wandes,* 713 F.3d 538, 549, 557 (10th Cir. 2013).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application is denied and the action is dismissed for lack of statutory jurisdiction because Applicant fails to demonstrate that the remedy available to him in the sentencing court is inadequate or ineffective.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice.   It is

FURTHER ORDERED that any pending motion is denied as moot.

DATED at Denver, Colorado, this __4th__ day of ____June_____, 2018.

BY THE COURT:

__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court